**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| KAJEET, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-707-ADA |
| | § | |
| VIASAT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**MOTION TO DISMISS BY DEFENDANT VIASAT, INC. FOR
<u>FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.     Kajeet Files and Serves Its Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.     Kajeet's Allegations of Direct Infringement Are Boilerplate, Copied From Its
       Allegations in Other Actions Against Unrelated Products, And Contain No Specifics. . . 2

C.     Kajeet Does Not Claim Pre-Suit Knowledge of the Patent . . . . . . . . . . . . . . . . . . . . . 3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     Kajeet Fails to State a Claim of Direct Infringement . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     Kajeet's Hopelessly Muddled Boilerplate Allegations Are Insufficient
              to Allege Any Direct Infringement of the Asserted Claim.. . . . . . . . . . . . . . . . 4

       B.     Kajeet Does Not Allege That Anyone Practices the Claim. . . . . . . . . . . . . . . . . 6

       C.     Kajeet Does Not Allege That a Single Actor Practices the Claim . . . . . . . . . . . . 7

II.    Kajeet Fails to State a Claim of Indirect Infringement . . . . . . . . . . . . . . . . . . . . . . . . 8

       A.     Kajeet Fails to Allege Pre-Suit Knowledge of the Patent . . . . . . . . . . . . . . . . . 9

       B.     Kajeet Fails to Allege Specific Intent to Induce Infringement . . . . . . . . . . . . . 10

       C.     Kajeet Fails to Allege Any Facts About Contributory Infringement . . . . . . . . . 11

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**<u>TABLE OF AUTHORITIES</u>**

*Cases*

*Addiction & Detoxification Inst. LLC v. Carpenter,*
  620 Fed. App'x 934 (Fed. Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.,*
  No. 13-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) . . . . . . . . . . . . . . . . . . 9, 11

*Aguirre v. Powerchute Sports, LLC,*
  No. 10-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011). . . . . . . . . . . . . . . . . . . . . . 9

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*
  365 U.S. 336 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 9

*Artrip v. Ball Corp.,*
  735 Fed. App'x 708 (Fed. Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 12

*Atlas IP, LLC v. Exelon Corp.,*
  189 F. Supp. 3d 768 (N.D. Ill. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 4, 7, 11

*Castlemorton Wireless, LLC v. Bose Corp.,*
  No. 20-29, 2020 WL 6578418 (W.D. Tex. July 22, 2020). . . . . . . . . . . . . . . . . . . . . . 9

*Commil USA, LLC v. Cisco Sys., Inc.,*
  575 U.S. 632 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*De La Vega v. Microsoft Corporation,*
  No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) . . . . . . . . . . . . . . . 4, 5, 7, 8

*DSU Medical Corp. v. JMS Co. Ltd,*
  471 F.3d 1293 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Fujitsu Ltd. v. Netgear, Inc.,*
  620 F.3d 1321 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Global-Tech Appliances, Inc. v. SEB S.A.,*
  563 U.S. 754 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Iron Oak Techs., LLC v. Acer Am. Corp.,*
  No. 17-143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) . . . . . . . . . . . . . . . 10, 11, 12

*Laguna Hermosa Corp. v. United States,*
  671 F.3d 1284 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
  572 U.S. 915 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 8

*NTP, Inc. v. Research In Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 19-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) . . . . . . . . . . . . . . . . . . . 10

*Parus Holdings Inc. v. Apple Inc.*,
  No. 19-432 (W.D. Tex. Feb. 20, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
  553 U.S. 617 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ricoh Co. v. Quanta Comput. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*VLSI Tech., LLC v. Intel Corp.*,
  No. 19-256, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) . . . . . . . . . . . . . . . . . . . . 10

*Water Techs. Corp. v. Calco, Ltd.*,
  850 F.2d 660 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Xpoint Techs., Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Zoltek Corp. v. United States*,
  672 F.3d 1309 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Statutes*

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Other Proceedings*

*Kajeet, Inc. v. Gryphon Online Safety, Inc.*,
  No. 19-2370 (D. Del. Dec. 30, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kajeet, Inc. v. McAfee Corp.*,
  No. 21-005 (D. Del. Jan. 4, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Kajeet, Inc. v. Mosyle Corporation*,
   No. 21-006 (D. Del. Jan. 4, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kajeet, Inc. v. NortonLifeLock Inc.*,
   No. 21-1339 (D. Del. Oct. 2, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Kajeet, Inc. v. Qustodio, LLC*,
   No. 18-1519 (C.D. Cal. Aug. 24, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Kajeet, Inc. v. Trend Micro Inc.*,
   No. 21-389 (W. D. Tex. Apr. 21, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**INTRODUCTION**

To commence litigation before this Court, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  For at least four separate reasons, Kajeet fails this test.

First, Kajeet's boilerplate allegations, largely copied from its previous complaints without any apparent analysis of Viasat's accused products, fail to explain *how* it alleges the accused products work or how their operation could infringe the asserted claim.

Second, and separately from its failure to explain how anyone could infringe the claim, Kajeet fails to explain how anyone actually *does* infringe the claim, as it must because it asserts only a single method claim.

Third, and again separately from its previous failures, Kajeet fails to explain how a *single actor* practices every step of its asserted method claim, which is required where, as here, a plaintiff does not allege joint infringement.

Fourth and finally, Kajeet fails to explain how Viasat could *indirectly* infringe, since it admits that Viasat had no knowledge of the claim before this action, and fails to allege any of the other elements of indirect infringement.

For each of these reasons and all of them, Kajeet's complaint cannot meet the standard of *Twombly* and *Iqbal*, and the Court should dismiss it.

**BACKGROUND**

**A.      Kajeet Files and Serves Its Complaint**

On July 8, 2021, Plaintiff Kajeet, Inc. ("Kajeet") filed and served its Complaint for Patent Infringement against defendant Viasat, Inc. ("Viasat").  On July 22, 2021, Kajeet moved to

extend Viasat's time to respond until August 30, 2021.  Docket No. 7.  On August 14, this Court

granted the unopposed motion.  Viasat now moves to dismiss the complaint.

**B.**     **Kajeet's Allegations of Direct Infringement Are Boilerplate, Copied From Its Allegations in Other Actions Against Unrelated Products, And Contain No Specifics**

The complaint alleges infringement of a single claim:  claim 27 of U.S. Patent No.

8,667,559.  *See, e.g.*, Compl. ¶¶ 34-41.  Only six paragraphs of the complaint address the

functionality accused of infringement.  *Id.* ¶¶ 21-26.  These paragraphs are boilerplate, largely

copied from other Kajeet complaints, and include only glancing references to Viasat's accused

products.  *See id.*  As a result, Kajeet's allegations against Viasat are strikingly similar to those

against unrelated defendants, in other Courts, with unrelated products.  For example:

| ***Kajeet v. Viasat*, No. 21-707 (W.D. Texas)** | ***Kajeet v. McAfee*, No. 21-05 (D. Delaware)** |
|---|---|
| 22.  The Accused Products and Services comprise a system of hardware (Viasat Gateways and Modems) and software (software in the Gateway/Modem and local client software) implementable on computing devices to accommodate management of certain features and functionality of computing devices.  The Accused Products and Services are compatible for use with communications devices utilizing at least the Windows, iOS, and Android operating systems.  Such devices include laptops, iPhones, iPads, Android phones, Android tablets, and the like. | 22.  The Accused Products comprise a system of hardware (McAfee servers) and software (McAfee server software and the Safe Family app) implementable on computing devices to accommodate management of certain features and functionality of computing devices.  The Accused Products are compatible for use with communications devices utilizing iOS, Android, and Windows operating systems.  Such devices include iPhones, iPads, Android phones, Android tablets, laptops, Chromebooks, and the like. |
| 23.  The Accused Products and Services effect policy-based control over these devices via, among other things, executing local agent software (client software) on the device in connection with execution of Parental Control software in the Gateways and Modems. Execution of local agent software (client software) effects control of the device via regular and/or scheduled sending of feature use requests through the Gateways/Modems for policy application. Additionally, or alternatively, the local agent software effects control via regular installation and updates of use decisions based upon | 23.  The Accused Products effect policy-based control over these devices via, among other things, executing local agent software (the McAfee Safe Family app) on the device in connection with execution of McAfee server software.  Execution of local agent software effects control of the device via regular and/or scheduled sending of feature use requests to the McAfee servers for policy application. Additionally, or alternatively, the local agent software effects control via regular installation and updates of use decisions based upon master policies stored on McAfee's servers (or |

| | |
|---|---|
| master policies stored on Viasat's Gateways/Modems (or derivatives thereof) for on-device enforcement. | derivatives thereof) via communication with the McAfee servers for on-device enforcement. |
| 24.  Regardless of the mode of policy application employed, all master policies defining permissible or impermissible uses of a device are set by parents or administrators using a web browser communicating with the Gateway or Modem.  Parents and administrators may set policies to control usage of functions on the device to communicate with servers or other devices over the Internet.  Different policies may be applied depending on the time-of-day. | 24.  Regardless of the mode of policy application employed, all master policies defining permissible or impermissible uses of a device are set by parents using the Safe Family app downloaded on a parent's mobile device and when logged in as administrator.  Parents may set policies to control their children's time usage limits or application usage among other things.  Different policies may be applied depending on the time-of-day in accordance with schedules or according to time usage limits. |

*Compare* Compl. ¶¶ 22-24 *with Kajeet, Inc. v. McAfee Corp.*, No. 21-005, Docket No. 1 ¶¶ 22-24 (D. Del. Jan. 4, 2021).  The same language also appears in other Kajeet complaints in other, unrelated cases.  *See, e.g.*, *Kajeet, Inc. v. Trend Micro Inc.*, No. 21-389, Docket No. 1 ¶¶ 24-24 (W. D. Tex. Apr. 21, 2021); *Kajeet, Inc. v. McAfee Corp.*, No. 21-005, Docket No. 1 ¶¶ 22-24 (D. Del. Jan. 4, 2021); *Kajeet, Inc. v. Mosyle Corporation*, No. 21-006, Docket No. 1 ¶¶ 22-24 (D. Del. Jan. 4, 2021); *Kajeet, Inc. v. NortonLifeLock Inc.*, No. 21-1339, Docket No. 1 ¶¶ 22-24 (D. Del. Oct. 2, 2020).  Kajeet does not attempt to tie these assertions to the language of the asserted claim, or otherwise to plead a claim of direct infringement against Viasat.  *See* Compl. ¶¶ 21-26.

## C.    Kajeet Does Not Claim Pre-Suit Knowledge of the Patent

Kajeet's complaint confirms that it cannot allege pre-suit knowledge of the '559 patent. Instead, it alleges only that "Viasat has had actual knowledge of the Asserted Patent since at least the filing of this complaint, therefore, and has had actual knowledge of Kajeet's claims of infringement relating to the Accused Products and Services since that time."  Compl. ¶ 28.  Once again, this language tracks Kajeet's boilerplate allegations in other cases.  *See, e.g.*, *Kajeet, Inc. v. Trend Micro Inc.*, No. 21-389, Docket No. 1 ¶ 28 (W. D. Tex. Apr. 21, 2021); *Kajeet, Inc. v.*

*McAfee Corp.*, No. 21-005, Docket No. 1 ¶ 29 (D. Del. Jan. 4, 2021); *Kajeet, Inc. v. NortonLifeLock Inc.*, No. 21-1339, Docket No. 1 ¶ 29 (D. Del. Oct. 2, 2020); *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, No. 19-2370, Docket No. 1 ¶ 46 (D. Del. Dec. 30, 2019); *Kajeet, Inc. v. Qustodio, LLC*, No. 18-1519, Docket No. 1 ¶ 27 (C.D. Cal. Aug. 24, 2018). Although the complaint includes the qualifier "at least," implying the possibility that Viasat previously knew of the '559 patent, the complaint does not specify how Kajeet contends that Viasat learned of the patent before the complaint; to the contrary, it provides anything at all beyond this conclusory language. *See generally* Compl. ¶¶ 1-45.

## ARGUMENT

### I.      Kajeet Fails to State a Claim of Direct Infringement

#### A.      Kajeet's Hopelessly Muddled Boilerplate Allegations Are Insufficient to Allege Any Direct Infringement of the Asserted Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not met unless the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *De La Vega v. Microsoft Corporation,* No. 19-612, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Iqbal*, 556 U.S. at 678). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *De La Vega*, 2020 WL 3528411, at *2 (quoting *Iqbal*, 556 U.S. at 662). Under this standard, courts dismiss claims "when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of

plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted).

The *Twombly/Iqbal* "plausibility standard applies to direct infringement claims." *Artrip v. Ball Corp.*, 735 Fed. App'x 708, 714 n.4 (Fed. Cir. 2018) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)). As this Court has recently explained, when a plaintiff seeks to plead direct infringement of a method claim, *Twombly* and *Iqbal* require, at minimum, that "the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed.'" *De La Vega*, 2020 WL 3528411, at *4 (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)). "[A]llegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017).

Kajeet's complaint fails this test. Its specific allegations of infringement are not specific at all, but merely repetitions of boilerplate language that Kajeet has used against many other defendants. *See supra* § B. Kajeet does not connect its boilerplate allegations to the text of the claim, or even try to do so. Compl. ¶¶ 21-27; *see supra* § B. Kajeet thus does not "plead facts sufficient to allow a reasonable inference that all steps of the claimed method are performed." *De La Vega*, 2020 WL 3528411, at *4. Kajeet's failure to plead direct infringement dooms its entire complaint. "[C]ase law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'" *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (alterations and ellipses in original) (quoting *Aro Mfg. Co. v. Convertible Top*

*Replacement Co.*, 365 U.S. 336, 341 (1961)).  For this reason alone, the Court can dismiss the complaint in its entirety.

**B.      Kajeet Does Not Allege That Anyone Practices the Claim**

Even if Kajeet's claims were sufficient under *Twombly* and *Iqbal*, they would still fail for another reason:  Kajeet does not allege that anyone actually practices the asserted method.  In this action, Kajeet asserts only a single method claim, claim 27.  Compl. ¶¶ 34-41; *see supra* § B. Because "direct infringement under 35 U.S.C. § 271(a) requires performance of all steps of a method patent to be attributable to a single party," *Limelight Networks*, 572 U.S. at 915, "a patented method may not be sold in the same way as an article or device."  *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 628 (2008).  As a result, "a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)."  *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008).  Importation of software also cannot infringe a method claim.  *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1321 (Fed. Cir. 2005) ("for the same reasons that the jury could not have found that RIM infringed the method claims under the sale or offer for sale prongs, it could not have found infringement by importation"), *abrogated on other grounds*, *Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc).

But Kajeet does not allege that *anyone*—including Viasat—actually practices the steps necessary to infringe claim 27.  Instead, Kajeet's claims repeatedly use the language of *possibility*, indicating that someone *could* do something without actually alleging that anyone *does*.  Kajeet alleges, for example, that "[t]he Accused Products and Services comprise a system of hardware (Viasat Gateways and Modems) and software (software in the Gateway/Modem and local client software) *implementable* on computing devices," but never asserts that anyone has

actually implemented anything.  Compl. ¶ 22 (emphasis added).  This failure pervades Kajeet's

allegations of infringement.  *See, e.g.*, *id.* ("The Accused Products and Services *are compatible*

*for use with* communications devices . . ."); *id.* ¶ 24 ("Parents and administrators *may* set policies

. . ."); *id.* ¶ 25 ("policies . . . *may be* further configured in accordance with time-based policies.").

And this failure is fatal.  To plead infringement of method claim 27, Kajeet must allege the actual

"performance of all steps" that is "attributable to a single party," *Limelight Networks*, 572 U.S. at

915.  Kajeet does not even achieve the first of these two requirements.[1]

C.      **Kajeet Does Not Allege That a Single Actor Practices the Claim**

Even assuming that Kajeet has alleged "performance of all steps"—which it has not, *see*

*supra*—it has not even tried to make those steps "attributable to a single party."  *Limelight*

*Networks*, 572 U.S. at 915.  To the contrary, Kajeet's own allegations concede that different

actors practice different steps of the claim:  sometimes Viasat (*e.g.*, "Viasat accommodates

selectively permitting or blocking access to device features based on application of

allow/disallow policies," Compl. ¶ 25); sometimes various end users (*e.g.*, "all master policies

defining permissible or impermissible uses of a device are set by parents or administrators," *id.*

¶ 24); and sometimes no one at all—an apparent theory of immaculate infringement (*e.g.*,

"Execution of local agent software (client software) effects control of the device via regular

---

[1] Later in the complaint, Kajeet briefly alleges that "Viasat's quality testing and
demonstrations of operation of the Accused Products and Services to manage use of computing
devices directly infringe, either literally or under the doctrine of equivalents, at least claim 27 of
the '559 Patent."  Compl. ¶ 39.  But the complaint is "completely silent" regarding how Viasat
"could have directly infringed claim [27] during testing," and therefore does "not even rise to the
level of containing 'labels and conclusions, and a formulaic recitation of the elements of a cause
of action' that are insufficient under *Twombly*."  *De La Vega*, 2020 WL 3528411, at *5 (quoting
*Twombly*, 550 U.S. at 555).  Finally, and again briefly, Kajeet alleges that "[s]etup and use of the
Accused Products and Services by Viasat's customers in the manner [sic] constitutes direct
infringement."  Compl. ¶ 41.  To the extent that this statement makes grammatical sense, it fails
under *De La Vega* for the same reason.

and/or scheduled sending of feature use requests through the Gateways/Modems for policy application," *id.* ¶ 23; "Application of policies yields decisions defining what device features and network content are usable or accessible by a managed device," *id.* ¶ 25; "the Accused Products and Services effect feature management over devices connected to the Internet without storing the master policies on the devices, themselves or accessing the policies by the device." *Id.* ¶ 26). Thus, having set forth what it believes is required to infringe method claim 27, Kajeet admits in its own complaint that no single actor can fulfill those steps.

As this Court explained in *De La Vega*, Kajeet's admission is fatal to its assertion of this method claim. Kajeet "recognizes and addresses in [its] complaints" that claim 27 "on its face plainly requires at least multiple actors," making its allegations a "case of joint infringement." *De La Vega,* 2020 WL 3528411, at *4. "Accordingly, to meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'" *Id*. (quoting *Lyda*, 838 F.3d at 1339). Despite all this, and despite this Court's clear warning in *De La Vega*, "the Complaint alleges no facts to support a claim for joint infringement. The Complaint fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege any facts in support of the same." 2020 WL 3528411, at *4. Just as in *De La Vega*, the remedy is dismissal. *See id.*

## II.   Kajeet Fails to State a Claim of Indirect Infringement

In addition to depending on failed claims of direct infringement, Kajeet's claims of induced and contributory infringement also fail on their own terms. Both claims require actual

knowledge of the patent by Viasat, which Kajeet does not allege earlier than the complaint itself. In addition, Kajeet fails to address specific intent to cause infringement (required for induced infringement) or a lack of non-infringing alternatives (required for contributory infringement).

### A.      Kajeet Fails to Allege Pre-Suit Knowledge of the Patent

Kajeet's claims of indirect infringement both require knowledge of the patent. *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (to plead an "induced infringement claim" a plaintiff "must allege facts showing that" defendant "had actual knowledge of the patent"); *id.* at *8 ("As with induced infringement, contributory infringement requires that the defendant have knowledge of the existence of the patent that is infringed."); *see also, e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (induced infringement, "like inducement liability, requires knowledge of the patent in suit and knowledge of patent infringement") (citing *Aro Mfg. Co.*, 377 U.S. at 488). Kajeet must allege that Viasat had this knowledge before Kajeet filed its complaint. *Aguirre v. Powerchute Sports, LLC*, No. 10-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.") (citing *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010)).

It cannot. Kajeet does not allege any pre-suit knowledge of the patent-in-suit, but asserts only that "Viasat has had actual knowledge of the Asserted Patent since at least the filing of this complaint." Compl. ¶ 28; *see supra* § C. This Court has repeatedly dismissed allegations of indirect infringement that do "not plead any facts that would support an allegation of pre-suit knowledge." *Castlemorton Wireless, LLC v. Bose Corp.*, No. 20-029, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020); *see also, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-432 (W.D.

Tex. Feb. 20, 2020) (text orders granting motions to dismiss); *VLSI Tech., LLC v. Intel Corp.*, No. 19-256, 2019 WL 11025759, at \*1-\*2 (W.D. Tex. Aug. 6, 2019). It should do so here as well.

### B.    Kajeet Fails to Allege Specific Intent to Induce Infringement

In addition to knowledge of the patent itself, "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). At the pleading stage, plaintiffs alleging induced infringement must assert facts showing that "once defendants knew of the patent, they actively and *knowingly* aid[ed] and abett[ed] another's infringement." *DSU Medical Corp. v. JMS Co. Ltd*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). "[T]he mere knowledge of possible infringement of a patent by others does not amount to inducement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-143, 2017 WL 9477677, at \*4 (W.D. Tex. Nov. 28, 2017) (citing *Global-Tech Appliances*, 563 U.S. at 766). Instead, a plaintiff's claim of induced infringement requires "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-207, 2019 WL 3940952, at \*2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp.*, 471 F.3d at 1306).

Kajeet's complaint alleges only that "Viasat provides step-by-step instructions for installation, setup, and use of the Accused Products and Services to infringe." Compl. ¶ 40. Since *Twombly* and *Iqbal*, courts have confirmed that such conclusory allegations cannot suffice. For example, in *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 Fed. App'x 934 (Fed. Cir. 2015), the Federal Circuit affirmed dismissal of indirect infringement claims that "contain[ed] no allegations regarding intent or any specific acts caused by Defendants," and

further affirmed denial of leave to amend to add claims "that Defendants acted 'with specific intent to urge, instruct, encourage' infringement by 'causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent' and that Defendants acted 'with specific intent to induce third parties to infringe the '411 patent.'" *Id.* at 938 (alteration in original).  As the Court of Appeals explained, the "First Amended Complaint did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement," but merely "recite[d] the legal conclusion that Defendants acted with specific intent." *Id.*; *see also*, *e.g.*, *Iron Oak Techs.*, 2017 WL 9477677, at *5 (finding reference to "Limited Warranty Agreement" did not "serve as sufficient factual support for the induced infringement claims" because it provided "no factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and plaintiff did not "explain in its Complaint how the Warranty contains specific facts regarding Acer's intent to induce infringement") (citing *Twombly*, 550 U.S. at 557).  Thus, even assuming that it can show direct infringement, Kajeet has failed to show that Viasat induced any acts of infringement.

### C.    Kajeet Fails to Allege Any Facts About Contributory Infringement

In addition to knowledge of the patent and direct infringement, to state a claim for contributory infringement, a plaintiff must plead that the allegedly infringing "component has no substantial noninfringing uses" and "is a material part of the invention." *Affinity Labs of Texas, LLC*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).  Kajeet fails to do so.  In a single paragraph devoted to contributory infringement, Kajeet asserts that the accused products "have no substantial non-infringing use, as they are specifically designed and marketed for use by parents and administrators to control use of a

computing device operating on a communication network." Compl. ¶ 41. These "conclusory allegations" are "no more than a 'threadbare recital' of the elements" of a contributory infringement claim." *Iron Oak Techs.*, 2018 WL 1631396, at \*2 (quoting *Iqbal*, 556 U.S. at 678). Kajeet's allegations are actually *less* than a "threadbare recital" because they attempt to broaden the scope of the claims by asserting that any "use by parents and administrators to control use of a computing device operating on a communication network" is sufficient to cause infringement—a scope of alleged infringement that is not supported even by Kajeet's own, confused understanding of the patent claims. *See supra* § B. These allegations must fail for this reason as well.

<u>**CONCLUSION**</u>

For the foregoing reasons, Viasat respectfully requests that the Court grant this motion and dismiss Kajeet's complaint.

Date:   August 30, 2021                            Respectfully submitted,

                                                  */s/ B. Russell Horton*
                                                  B. Russell Horton (Texas Bar No. 10014450)
                                                  **George Brothers Kincaid & Horton, LLP**
                                                  114 West 7th Street, Suite 1100
                                                  Austin, Texas, 78701
                                                  +1 (512) 495-1400
                                                  +1 (512) 499-0094 facsimile
                                                  rhorton@gbkh.com

                                                  Matthew S. Warren (California Bar No. 230565)
                                                  Jennifer A. Kash (California Bar No. 203679)
                                                  (*pro hac vice to be filed*)
                                                  Erika Warren (California Bar No. 295570)
                                                  **Warren Lex LLP**
                                                  2261 Market Street, No. 606
                                                  San Francisco, California, 94114
                                                  +1 (415) 895-2940
                                                  +1 (415) 895-2964 facsimile
                                                  21-707@cases.warrenlex.com

– 12 –

## **CERTIFICATE OF SERVICE**

I certify that on August 30, 2021, I served the foregoing document by electronic filing on counsel of record registered as CM/ECF users.

 _/s/ B. Russell Horton_____
B. Russell Horton