IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.   6:21-cv-707 |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VIASAT, INC. | § | |
| | § | |
| Defendant. | § | |

**<u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ............................................................................................... iii

I.      NATURE AND STATE OF THE PROCEEDINGS ................................................... 1

II.     SUMMARY OF THE ARGUMENT .......................................................................... 1

        A.      Kajeet's Allegations of Direct Infringement are Sufficient .................................. 1

        B.      Kajeet's Allegations of Indirect Infringement are Sufficient ............................... 2

III.    STATEMENT FACTS ................................................................................................. 3

IV.     LEGAL STANDARD .................................................................................................. 4

V.      ARGUMENT ............................................................................................................... 6

        A.      Kajeet Sufficiently Pled Direct Infringement ...................................................... 6

                1.      Kajeet Addresses How the Accused Products Infringe ............................ 7

                2.      Viasat Directly Infringes By its Use of Accused Products ........................ 8

        B.      Kajeet Sufficiently Pled Indirect Infringement .................................................. 10

                1.      The Complaint Supports a Claim for Post-Suit Indirect Infringement ...... 10

                2.      Kajeet Sufficiently Alleged Viasat's Specific Intent to Induce ................ 12

                3.      Kajeet Sufficiently Alleged Contributory Infringement ........................... 13

VI.     CONCLUSION .......................................................................................................... 15

CERTIFICATE OF SERVICE .......................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Toyata Motor North America, Inc.,*
   2014 U.S. Dist. LEXIS 90379, at * 10 (W.D. Tex. May 12, 2014)................................. 11

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009)......................................................................................... 4

*Cap Co Ltd. v. McAfee, Inc.,*
   U.S. Dist. LEXIS 83522 at * 15 (N.D. Cal. June 26, 2015) ............................................ 11

*Cellular Communs. Equip. LLC v. HTC Corp.,*
   2015 U.S. Dist. LEXIS 180375 at *38 (E.D. Texas October 30, 2015) .......................... 15

*Commil USA, LLC v. Cisco Sys., Inc.,*
   575 U.S. 632, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015)...................................... 2

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.,*
   73 F.Supp.3d 435, 441 (D. Del. Nov. 5, 2014)................................................................ 11

*Cross Med. Prods. v. Medtronic Sofamore Danek, Inc.,*
   424 F.3d 1293, 1312 (Fed. Cir. 2015).............................................................................. 14

*De La Vega v. Microsoft Corporation,*
   2020 U.S. Dist. Lexis 116081 at *6-9 (W.D. Tex. February 11, 2020)............................. 9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
   888 F.3d 1256, 1260 (Fed. Cir. 2018).......................................................................... 5, 6

*DSU Medical Corp. v. JMS Co. Ltd,*
   471 F.3d 1293, 1305 (Fed. Cir. 2006).............................................................................. 12

*Estech Sys. v. Regions Fin. Corp.,*
   No. 6:20-cv-00322-ADA, 2020 U.S. Dist. LEXIS 200484, at *6
   (W.D. Tex. Oct. 28, 2020) ................................................................................................ 5

*Griffith v. Kroger Co.,*
   No. 9:05-CV-76-TH, 2008 U.S. Dist. LEXIS 131988, at *2 (E.D. Tex. Mar. 7, 2008)..... 5

*IOENGINE, LLC v. PayPal Holdings, Inc.,*
   2019 U.S. Dist. LEXIS 12195, at *12-13 (D. Del. Jan. 25, 2019)................................... 11

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 3:18-CV-01074-K, 2018 U.S. Dist. LEXIS 234331, at *1 (N.D. Tex. Oct. 9, 2018).. 5

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    U.S. Dist. LEXIS 225719 at *6-7 (W.D. Tex. November 30, 2018)............................... 11

*Nielsen Co. v. comScore, Inc.*,
    819 F. Supp. 2d 589, 593 (Fed. Cir. 2011) ........................................................................ 9

*Parity Networks, LLC v. Cisco Sys.*,
    2019 U.S. Dist. LEXIS 144094, at *2-3 (W.D. Tex. July 26, 2019) ................................ 4

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
    550 F.3d 1325, 1338 (Fed. Cir. 2008)............................................................................. 14

*Sleep No Corp. v. Sizewise Rentals*,
    2018 U.S. Dist. LEXIS 234464, at *17-18 (C.D. Cal. June 26, 2018) ........................... 13

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *8 (N.D. Tex. Sep. 11, 2020) ... 5

*Uniloc Lux., S.A. v. eClinicalWorks, LLC*,
    991 F. Supp. 2d 1097, 1101 (C.D. Cal. 2013) ................................................................... 9

*USC IP P'ship, L.P. v. Facebook, Inc.*,
    U.S. Dist. LEXIS 137424 at *8 (W.D. Tex. July 23, 2021) ...................................... 10, 12

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317, 1328 (Fed. Cir. 2009)............................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 4

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet") files this Response to Viasat, Inc.'s ("Defendant" or "Viasat") Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) For the following reasons, the Court should deny Viasat's Motion in its entirety.

Kajeet filed its Complaint on July 8, 2021 alleging that Viasat infringes at least claim 27 of U.S. Patent No. 8,667,559 ("the '559 patent"). On August 14, 2021, Viasat filed this Motion challenging the sufficiency of the pleadings in the Complaint in lieu of filing an Answer. Kajeet has pled sufficient facts to support both its direct and indirect infringement allegations such that the Court should deny Viasat's Motion. To the extent the Court believes Plaintiff's allegations are insufficient, Plaintiff respectfully requests leave to file an amended complaint.

II.     **SUMMARY OF THE ARGUMENT**

A.      **Kajeet's Allegations of Direct Infringement are Sufficient**

Viasat contends that Kajeet has not met the pleading standards for direct infringement. In its Motion, Viasat seeks to hold Plaintiff to a higher standard than is required at the pleadings stage where factual allegations in the Complaint must be taken as true.  Kajeet's Complaint meets the requirements set forth by the Federal Circuit and this Court because it includes factual allegations identifying the infringing products and specifying both the asserted patent ('559) and at least one claim that Viasat infringes (claim 27).  The Complaint also provides detailed factual allegations describing the operation of the accused products and their structure and components. It further explains how the accused products meet each and every limitation of the asserted claim.  Kajeet's allegations are based on information obtained from publicly available information related to the accused products, much of which was authored by Viasat itself.

The Complaint includes more than enough information to provide Viasat with "fair notice"

of Kajeet's claims.  Viasat effectively admits as much in its Motion, stating that it understands Kajeet is asserting both direct and indirect infringement of claim 27 of the '559 by Viasat's Gateways and Modems in conjunction with its client software installed on the controlled devices. Kajeet clearly asserts that Viasat directly infringes at least by its use of the claimed method in testing and demonstrations of the accused products. Simply because Kajeet's infringement allegations against Viasat may be similar to its allegations against other infringing entities does not mean that Kajeet has not sufficiently pled direct infringement. It is just an indication that Viasat's products include similar functionality to those other infringing products.

### B.      Kajeet's Allegations of Indirect Infringement are Sufficient

The Complaint likewise provides comprehensive factual statements addressing each of the elements of indirect infringement, including the requisite knowledge component. Indirect infringement, including both inducement and contributory, requires the plaintiff to plead that the defendant has knowledge of the patent. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015) ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Here, Kajeet alleged the requisite knowledge component as of the filing date of the Complaint which is sufficient for post-filing indirect infringement claims. Kajeet further provided a sufficient recitation of facts to support its allegations of the additional elements of inducement and contributory infringement.

III.   **STATEMENT OF FACTS**

Kajeet was founded in 2003 with the aim of developing solutions to an emerging technological problem - how to ensure safe operation of mobile communication devices by children and others. Kajeet has developed and sells several products that solve this problem, focusing mostly on the education and distance learning field. The known systems and methods for control prior to the time of the patented invention were largely inadequate and relied upon removing access to the communication device to prevent disallowed usage or utilized policy-based controls in which the policies were stored locally within accessible portions of the device's memory. Policies are essentially rules that govern how and when users may utilize various functions of a mobile device. The prior systems were ineffective because the policies were locally accessible for manipulation or deletion and because each communication device to be controlled needed to be separately and independently configured. Kajeet addressed these shortcomings by storing usage policies remotely from the communication device(s). This arrangement improved operation of the systems through improved security from user manipulation while accommodating real-time control of one or more devices which could be grouped to apply a set of policies to each simultaneously.

Kajeet's efforts and ingenuity have yielded thirty-eight U.S. Patents, many of which share a common specification to that of the asserted patent in this case. The Patent-in-Suit discusses how the proliferation of cell phones and other communication devices in modern life created the problem of providing adequate control over these devices, which typically accommodate a wide range of functionality accessible at any time from virtually anywhere.

The Patent-in-Suit notes that prior art methods of controlling use of computing devices (*i.e.*, removing access by taking the device away or disabling it) were unworkable because they

deprived the user of allowable uses of the device to prevent disallowed uses. The patent makes clear that the problem to be solved is how to maintain effective control to prohibit certain uses while still allowing approved uses, all in the context of the user possessing the device at all times even when apart from or not in contact with the parent or administrator.

Kajeet's inventions provide access to desirable features, such as always allowing for calls to a parent, for example, while also preventing access to features deemed inappropriate because of cost (e.g., downloadable games or other applications), type of content (e.g., gambling or pornographic content), the time of day or night (e.g., during school hours or after bed time), and/or the device's location, among other criteria. The Patent-in-Suit discloses the use of policies defining acceptable and unacceptable uses of a mobile communication device based on a variety of contexts which are set by administrators (e.g., parents or teachers) at the server level to control use of one or more mobile communication devices. This represented an unconventional scheme that was neither well known nor routine for addressing a newly emerging problem in society. The inventions disclosed and claimed in the Patent-in-Suit provide for more robust control that was more resilient to manipulation and/or disablement by users of the controlled devices and, therefore, more effective than prior art systems and methods.

## IV.   **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff may be entitled to relief under any reasonable reading of the complaint. *Parity Networks, LLC v. Cisco Sys.*, 2019 U.S. Dist. LEXIS 144094, at *2-3 (W.D. Tex. July 26, 2019). "A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff

4

'would not be entitled to relief under any set of facts or any possibly theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Griffith v. Kroger Co.*, No. 9:05-CV-76-TH, 2008 U.S. Dist. LEXIS 131988, at *2 (E.D. Tex. Mar. 7, 2008)).  "In other words, it must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief." *Id.* (citing *Griffith v. Kroger Co.*, No. 9:05-CV-76-TH, 2008 U.S. Dist. LEXIS 131988, at *2 (E.D. Tex. Mar. 7, 2008)).

The Federal Circuit has held that a complaint listing the asserted patents, specifically identifying accused products, and alleging that the accused products meet each and every element of at least one claim, is sufficient to meet the pleadings requirements under the plausibility standard of *Iqbal*/*Twombly*.  *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). District courts have interpreted *Twombly, Iqbal*, and *Disc Disease* to require a patent infringement Plaintiff to identify an accused product by name in most cases such that the Defendant is on notice of what specific conduct is alleged to constitute infringement." *Estech Sys. v. Regions Fin. Corp.*, No. 6:20-cv-00322-ADA, 2020 U.S. Dist. LEXIS 200484, at *6 (W.D. Tex. Oct. 28, 2020) (citing *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *8 (N.D. Tex. Sep. 11, 2020)). "Additionally, the pleading standards established by *Twombly* and *Iqbal* require a plausible inference that an accused device meets all of the limitations of the asserted claims." *Id.* (citing *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 U.S. Dist. LEXIS 234331, at *1 (N.D. Tex. Oct. 9, 2018)). "This cannot be inferred from bare conclusory allegations . . ." *Id.* at *6–7. "Additional factual information, at least pleaded on information and belief, that the accused devices practice the asserted claim is required." *Id.* at *7. "However, this factual information does not necessarily need to be as detailed as that which will be disclosed in Plaintiff's infringement

contentions." *Id.*

## V.   <u>ARGUMENT</u>

On a preliminary note, Viasat's Motion includes a lengthy comparison of the statements from the Complaint in this case to allegations made by Kajeet in other complaints it has filed. It matters not that Kajeet's allegations against Viasat are very comparable to allegations of infringement that Kajeet has made against others. Viasat suggests that the use of similar language in the allegations somehow renders Kajeet's factual statements about the accused products irrelevant. The analogous language simply underscores that Kajeet has been consistent in enforcing the '559 patent against products with a similar structure and operation.

Claim 27 has a particular arrangement of elements that must be present in any infringing product. It further specifies particular types of communications that must occur in order to meet the claim language. Consequently, Kajeet has litigated these claims against companies that provide similar products and which infringe in a similar manner. Given that the facts recited in the Complaint must be taken as true at this stage of the case,  Viasat cannot ignore the statements made by Kajeet that support its infringement allegations.

### A.   **Kajeet Sufficiently Pled Direct Infringement**

Given the Federal Circuit's reasoning in the *Disc Disease* case, Kajeet's Complaint clearly includes sufficient allegations that the accused products meet each and every element of the asserted claim. *Disc Disease,* 888 F.3d at 1260. Kajeet's Complaint specifies the asserted patent and asserted claim. The Complaint further alleges direct infringement of claim 27 of the '559 patent by Viasat's quality testing and demonstrations of the operation of the accused products to manage computing devices. Dkt. 1, at ¶ 39. The relevant components of Viasat's accused products are also identified very clearly in the Complaint including the Gateway and Modem devices that

are connected to the Internet as well as the client software Viasat provides to communicate with the Gateway/Modem.

### 1. Kajeet Addresses How the Accused Products Infringe

Kajeet's Complaint also clearly alleges that the accused products meet each and every limitation of claim 27 of the '559 patent. Dkt. 1, at ¶ 39. It includes a thorough description of the structure and operation of the accused products addressing all of the components and operations that meet claim 27 as described below.

**[Preamble] 27. A method for controlling a computing device configured to execute a function using a communication network managed by a service provider, the method comprising:**

The Complaint describes Trend Micro Viasat as a satellite-based Internet Service Provider ("ISP") that provides hardware and Internet communication services to its residential customers. Viasat provides a small satellite dish to its customers along with a Gateway or Modem to provide connectivity to user devices within the residence, such as laptops, smartphones, and tablets. Dkt 1., at ¶ 20. The Complaint identifies the accused products as all of its Internet services that include its Parental Control features implemented, in part, via the Gateways and Modems. Dkt 1., at ¶ 21.

**[Element A] sending to a server a request to communicate with a remote computing device over the communication network;**

The Complaint also describes that that local agent software, or client software, is installed on the user's mobile devices and communicates with software in the Gateway or Modem. Dkt 1., at ¶ 22. The local agent software on the user device effects control of the device by by sending usage requests for communicating with other devices to the Gateway or Modem such that usage policies can be applied. Dkt 1., at ¶ 23.

**[Element B] receiving in real-time from the server a decision granting or denying the request, the decision based on a policy stored at the server and configured by an administrator; and**

The Complaint also explains how parents or administrators can set and store the Parental

Control policies on the Gateway or Modem using a web browser on their device. Dkt 1., at ¶ 24. The Gateway or Modem applies the policies for the usage requests set by the parents and makes a decision about what specific devices features able to be used on the user's device. *Id.*, at ¶ 25. The Complaint then describes that these decisions are communicated back to the user device for enforcement. *Id.*, at ¶ 26.

**[Element C] enforcing the decision by enabling a communication with the remote computing device over the communication network when the decision grants the request and by disabling the communication when the decision denies the request, the communication being enabled or disabled without storing the policy on the computing device.**

Finally, the Complaint states that the decision received on the user's device is enforced by local agent software by either permitting or blocking access to the requested device feature. Dkt 1., at ¶ 25, 26. The policies that are enforced on the user device control various functions by enabling or disabling communication with other devices over the Internet. *Id.*, at ¶ 24. As stated in the Complaint, the polices are set and stored by parents using a web browser communicating with the Gateway or Modem without storing the policies on the user devices. *Id.*, at ¶ 24, 26.

Accordingly, the Complaint sufficiently describes the structure and operation of the accused products and how they meet the elements of the asserted claim.

### 2.    Viasat Directly Infringes By its Use of Accused Products

Viasat claims that Kajeet does not allege that anyone actually practices the method of claim 27 of the '559 patent. Motion, at p. 6 However, Kajeet expressly alleges in the Complaint that Viasat directly infringes claim 27 by its own use of the patented method. Dkt. 1, at ¶ 39. These allegations, which must be taken as true, provide more than adequate notice to Viasat of Kajeet's direct infringement theory. Specifically, the Complaint states that Viasat uses the method of claim 27 when it performs quality testing of the accused products, which includes the Gateways, Modems, and client software. *Id.* Further, Kajeet alleges that Viasat practices the steps of claim 27

each time it provides a demonstration of the Parental Control features of the accused products. *Id.* The alleged use of the patented method is sufficient to support a claim of direct infringement.

In *Nielsen Co. v. comScore, Inc.*, 819 F. Supp. 2d 589, 593 (Fed. Cir. 2011), the plaintiff alleged direct infringement of a software method claim that required use of a "local computer." More specifically, the plaintiff claimed that the defendant infringed "both by itself 'by virtue of its hardware and software performing or dictating the performance of each of the claimed method's steps' and jointly with third parties . . ." *Id.* at 594. In its motion to dismiss, the defendant argued that the plaintiff could not maintain its direct infringement claim because "'comScore's own use of the panelist monitoring software (e.g., in developing or testing the software) would not involve a "user computer machine," and thus would not satisfy the claim language.'" *Id.* at 595. The plaintiff argued "that in-house testing by defendant of its own allegedly infringing software would necessarily implicate defendant's own computer or computers performing the [method's] steps." *Id.* The court denied defendant's motion and held that the plaintiff had affirmatively alleged that defendant infringed the method by its own actions in testing. *Id. See also Uniloc Lux., S.A. v. eClinicalWorks, LLC*, 991 F. Supp. 2d 1097, 1101 (C.D. Cal. 2013) (court explained that "testing and demonstrative exhibition can constitute infringing use.").

Finally, Viasat contends that there is no allegation that a single actor practices each step of the method claim. Motion, at p. 7. Viasat's reliance on the *De La Vega* case is misplaced. That case involved a failure to plead joint infringement of a claim which the court found required three separate actors to infringe. *De La Vega v. Microsoft Corporation*, 2020 U.S. Dist. Lexis 116081 at *6-9 (W.D. Tex. February 11, 2020). Here, Kajeet is not alleging any form of joint infringement. Rather, as described above, Kajeet alleges that Viasat, itself, uses each and every element of claim 27. Dkt. 1, at ¶ 39.

9

Taking all of these allegations as true, Kajeet has satisfied its burden to plausibly state a claim for relief for direct infringement of claim 27 of the '559 Patent by Viasat through its use of the accused products in the manner described in the Complaint.

**B.    Kajeet Sufficiently Pled Indirect Infringement**

Kajeet also provided sufficient facts to support its allegations of indirect infringement. As an initial matter, Kajeet alleges that Viasat's customers are direct infringers of claim 27 of the '559 patent by using the accused products in the manner proscribed by Viasat and that Viasat knows its customers are directly infringing. Dkt. 1, at ¶ 41. In its Motion, Viasat does not dispute this element of Kajeet's claims for indirect infringement.

**1.    The Complaint Supports a Claim for Post-Suit Indirect Infringement**

In its Complaint, Kajeet alleged that Viasat had knowledge of the patents and the infringement allegations "since at least the filing of the complaint." This Court, as well as others in other districts, have held this language to be sufficient to support a claim for post-suit indirect infringement, whether inducement or contributory infringement. It is true that Kajeet has not yet made any allegations for inducement prior to the filing of this lawsuit. Yet, Plaintiff's claim for post-suit inducement has been adequately pled.

In a recent case, this Court specifically held that alleging knowledge based solely on the complaint was enough to maintain a cause of action for post-suit indirect infringement. *USC IP P'ship, L.P. v. Facebook, Inc.*, U.S. Dist. LEXIS 137424 at *8 (W.D. Tex. July 23, 2021). That case had very similar facts to those presented here. The plaintiff only alleged that the defendant had knowledge by the time of the filing of the complaint and not any earlier. *Id.*, at 7. There, this Court dismissed the pre-suit indirect infringement and willfulness claims but allowed the plaintiff to continue on with its post-suit indirect infringement claims. *Id.*

10

The opinion in the *USC IP P'Ship* case followed the reasoning of earlier decisions in this District. In the *Meetrix IP* case, the facts were substantially similar to those here. See *Meetrix IP, LLC v. Cisco Sys., Inc.*, U.S. Dist. LEXIS 225719 at *6-7 (W.D. Tex. November 30, 2018). In that case, the plaintiff alleged pre-suit knowledge by the defendant based on citations by defendant's own patents to those asserted in the litigation. *Id.,* at *4-5. While the court found those facts to be insufficient for a claim of pre-suit knowledge for inducement, it found that the plaintiff sufficiently alleged that the defendant had knowledge of each allegation of infringement as of the date the complaint was filed to maintain its post-suit inducement claim. *Id.,* at *7. And in the *Affinity Labs* case, the court stated that post-filing inducement claims can be supported by alleging knowledge as of the filing of the complaint. *Affinity Labs of Tex., LLC v. Toyata Motor North America, Inc.,* 2014 U.S. Dist. LEXIS 90379, at * 10 (W.D. Tex. May 12, 2014). However, because the plaintiff in that case did not expressly assert knowledge based on the filing of the complaint, the court granted the motion as to both pre-suit and post-suit inducement. *Id.*

Courts in other districts have also distinguished between pre-suit knowledge and post-suit knowledge for purposes of alleging indirect infringement and have likewise held that alleging knowledge of the infringement allegations "as of the filing date of the complaint" is sufficient to satisfy the knowledge requirement for a post-suit indirect infringement claim. *See e.g. IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 U.S. Dist. LEXIS 12195, at *12-13 (D. Del. Jan. 25, 2019); *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F.Supp.3d 435, 441 (D. Del. Nov. 5, 2014); *Cap Co Ltd. v. McAfee, Inc.,* U.S. Dist. LEXIS 83522 at * 15 (N.D. Cal. June 26, 2015). Plaintiff's allegations of indirect infringement comply with this standard.

Finally, Kajeet understands that this Court's conventional practice is to allow the plaintiff to seek discovery regarding potential pre-suit knowledge by the defendant of the patent-in-suit or

the infringement allegations. *USC IP P'ship, L.P. v. Facebook, Inc.*, U.S. Dist. LEXIS 137424 at * 8 (W.D. Tex. July 23, 2021). Plaintiff respectfully requests that in addition to maintaining its claim for post-filing inducement that it also be allowed to conduct discovery with respect to Viasat's pre-suit knowledge.

### 2.    Kajeet Sufficiently Alleged Viasat's Specific Intent to Induce

Kajeet adequately pled that Viasat had a specific intent to induce infringement by its customers use of the accused products and the Parental Controls features contained therein. A claim for inducement of infringement must contain facts plausibly showing that the defendant specifically intended its customers to infringe the asserted patent and knew that the customer's acts constituted infringement. *Affinity Labs of Tex.,* 2014 U.S. Dist. LEXIS 90379, at *8. Notwithstanding these pleading requirements, a plaintiff is not required to  actually prove its case at the pleading stage. *Id.*

Viasat cites to the *DSU Medical Corp.* case to assert that the plaintiff must show facts that "once defendants knew of the patent, they actively and knowingly aid[ed] and abett[ed] another's infringement." *DSU Medical Corp. v. JMS Co. Ltd,* 471 F.3d 1293, 1305 (Fed. Cir. 2006). Kajeet expressly alleges in the Complaint that Viasat "induced, caused, urged, encouraged, **aided and abetted**" its customers to use the accused product in a manner that infringes. Dkt. 1, at ¶ 40. The Complaint then goes on to explain in detail how Viasat actually does aid and abet its customers' infringement of claim 27 and does so with more than just conclusory allegations.

The Complaint includes specific allegations of actions by Viasat that induce its customers to use its Gateways and Modems to infringe. The Complaint states that Viasat provides instructions via user manuals and online content to about how to install, set up, and use the accused products to manage user devices on its Internet service. Dkt. 1, at ¶ 27, 40. Kajeet further alleges that Viasat

12

provides its customers with a web interface to set and store Parental Control policies on the Gateways/Modems using a web browser. Dkt. 1, at ¶ 24. Finally, the Complaint actually lists the Viasat URL to the portion of its website containing the customer instructions. Dkt. 1, at ¶ 27. The Complaint expressly states that Viast instructs its customers to use the accused products in a manner that meets each and every limitation of claim 27 and that Viasat knows that its customers are performing the infringing acts. Dkt. 1, at ¶ 27.

The description of user manuals and online documentation to which Kajeet cites in its Complaint have been held to be sufficient to support an inducement claim. In the *Sleep No Corp.* case, the defendant challenged the sufficiency of the patent owner's inducement claim for infringement of a patent directed to air mattress systems. *Sleep No Corp. v. Sizewise Rentals,* 2018 U.S. Dist. LEXIS 234464, at \*17-18 (C.D. Cal. June 26, 2018). And while the court there agreed that the plaintiff's allegations of inducement were not detailed, it ultimately held that the complaint pled sufficient facts of specific intent to survive the motion to dismiss. *Id.*, at 17-18. In particular, the court found that plaintiff's references to instructional materials to defendant's customers in multiple formats including user manuals and product support were adequate to support the claim. *Id.*

The detailed factual statements Kajeet included in its Complaint are far more than mere bald assertions as Viasat contends.

### 3.     Kajeet Sufficiently Alleged Contributory Infringement

Kajeet has also sufficiently alleged contributory infringement by describing that Viasat provides the accused products which include its Parental Control features. For contributory infringement, the patentee must adequately plead that the accused product is especially made or adapted to infringe the claims of the patent and is not a staple article having substantial non-

infringing uses. *Cross Med. Prods. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2015). Kajeet clearly alleges in the Complaint that the accused Gateways, Modems, and client software are especially designed to provide control of user devices in a manner that infringes claim 27 of the '559 patent. Dkt, 1, at ¶ 40. Further, Kajeet alleged facts to show that the accused products, including the Gateways and Modems, do not have any particular non-infringing uses. Dkt, 1, at ¶ 41.

Kajeet identified the specific components of Viasat's Internet service that perform the steps of claim 27 of the '559 patent. In particular, Kajeet identified the Gateways and Modems which contain the Parental Control features. Dkt, 1, at ¶ 21. The software implanting these features has no other non-infringing use. Rather, the Parental Control features are incorporated into the hardware devices only for the purpose of providing functionality that practices the method of claim 27. Dkt, 1, at ¶ 21, 23.

The Federal Circuit has found that for products containing multiple components, it is appropriate to consider whether or not the allegedly infringing **component** has non-infringing uses. *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008). In the *Ricoh* case, the plaintiff asserted that defendant QCI sold disc drives containing software modules that caused the hardware to perform the patented methods. And although the hardware could perform many methods and thus was capable of substantial non-infringing uses, Ricoh asserted that the separate software modules were used only to perform the allegedly infringing write methods. *Id.,* at 1336. The Federal Circuit stated that even if an accused product contains multiple components that have non-infringing uses, "it is entirely appropriate to presume that one who sells a product containing *a component that has no substantial noninfringing use* in that product does so with the intent that the component will be used to infringe. We are unable to read *Grokster* as suggesting that Congress intended § 271(c) to eliminate this presumption in such cases where an infringing

component is bundled together with something else." *Id. See also Cellular Communs. Equip. LLC v. HTC Corp.,* 2015 U.S. Dist. LEXIS 180375 at *38 (E.D. Texas October 30, 2015) (holding that a component part may satisfy the no substantial non-infringing use requirement if the component includes the specific hardware and software combination that performs the specific, intended functions).

Here, Kajeet has clearly alleged that the Parental Control software implemented by the Gateways, Modems, and client software is especially designed to infringe and has no non-infringing use. Accordingly, Kajeet has pled sufficient facts to support a claim for contributory infringement.

## VI.     CONCLUSION

For the foregoing reasons, Kajeet respectfully requests that the Court deny Viasat's Motion in its entirety. In the event that the Court is inclined to grant the Motion, Kajeet requests that the Court allow it to amend its complaint to address any issues the Court may require.


Dated: September 13, 2021.          Respectfully submitted,

                                    */s/ Corby R. Vowell*
                                    Jonathan T. Suder
                                    Michael T. Cooke
                                    Corby R. Vowell
                                    Richard A. Wojcio
                                    FRIEDMAN, SUDER & COOKE
                                    604 East 4th Street, Suite 200
                                    Fort Worth, TX 76102
                                    817-334-0400
                                    Fax: 817-334-0401
                                    jts@fsclaw.com
                                    mtc@fsclaw.com
                                    vowell@fsclaw.com
                                    wojcio@fsclaw.com

                                    **ATTORNEYS FOR KAJEET, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2021, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Corby R. Vowell*