# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-707-ADA |
| | § | |
| VIASAT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT VIASAT, INC. FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   Kajeet Cannot Save Its Boilerplate Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Kajeet Misstates the Law Governing Allegations of Direct Infringement. . . . . . . . . . . . . 2

    A.   *Disc Disease* Did Not Claim to Announce a New Pleading Standard . . . . . . . . .   3

    B.   Later Opinions Confirm that *Disc Disease* Did Not Establish a New Standard . . .4

III. Kajeet's Boilerplate Allegations Fail to Plead that Viasat Infringes Claim 27. . . . . . . . . . 6

IV.  Kajeet Failed to Plead Indirect Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.   Kajeet Admits It Failed to Plead Pre-Suit Knowledge of the Patent . . . . . . . . . . . 7

    B.   Kajeet Fails to Plead Viasat's Knowledge of Infringement . . . . . . . . . . . . . . . . . . 8

    C.   Kajeet Fails to Claim Induced Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

    D.   Kajeet Fails to Claim Contributory Infringement . . . . . . . . . . . . . . . . . . . . . . . . .9

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

*Cases*

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. 13-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Anderson v. Kimberly-Clark Corp.*,
   570 F. App'x 927 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 18-300, 2018 WL 6981828 (E.D. Tex., Dec. 11, 2018) . . . . . . . . . . . . . . . . . . . . . . 5

*Davis v. DRRF Tr.*,
   No. 15-0880, 2016 WL 8257126 (W.D. Tex. Jan. 6, 2016) . . . . . . . . . . . . . . . . . . . . . . 2

*De La Vega v. Microsoft Corporation*,
   No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) . . . . . . . . . . . . . . . . . . 3, 6, 7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*DSU Medical Corp. v. JMS Co. Ltd*,
   471 F.3d 1293 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9

*Estech Sys., Inc. v. Regions Fin. Corp.*,
   No. 20-0322, 2020 WL 6324321 (W.D. Tex. Oct. 28, 2020) . . . . . . . . . . . . . . . . . 4, 5, 6

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 17-143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . 8

*Iron Oak Techs., LLC v. v. Dell, Inc.*,
   No. 17-999, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) . . . . . . . . . . . . . . . . . . . . . . . 9

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
   No. 18-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018). . . . . . . . . . . . . . . . . . .4, 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 18-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018). . . . . . . . . . . . . . . . . . . . . . 9

*Nielsen Co. (US), LLC v. comScore, Inc.*,
   819 F. Supp. 2d 589 (E.D. Va. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Proxyconn Inc. v. Microsoft Corp.*,
   No. 11-1681, 2012 WL 1835680 (C.D.Cal. May 16, 2012) . . . . . . . . . . . . . . . . . . . . . 9

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
   No. 19-243, 2021 WL 3030066 (N.D. Tex. July 2, 2021) . . . . . . . . . . . . . . . . . . . . . . 5

*Uniloc Luxembourg, S.A. v. eClinicalWorks, LLC*,
   991 F. Supp. 2d 1097 (C.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No. 20-555, 2021 WL 3134260 (W.D. Tex. July 23, 2021) . . . . . . . . . . . . . . . . . . . . . 9

*Yager v. Stroman*,
   No. 17-217, 2020 WL 2615759 (W.D. Tex. May 22, 2020). . . . . . . . . . . . . . . . . . . . . 2

*Water Techs. Corp. v. Calco, Ltd.*,
   850 F.2d 660 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Statutes*

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 15(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

L.R. CV-15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Other Proceedings*

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   No. 15-188 (M.D. Ga. Nov. 30, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Estech Sys., Inc. v. Regions Fin. Corp.*,
   No. 20-322 (W.D. Tex. Nov. 4, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Estech Sys., Inc. v. Regions Fin. Corp.*,
   No. 20-322 (W.D. Tex. Dec. 8, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kajeet, Inc. v. McAfee Corp.*,
   No. 21-005 (D. Del. Jan. 4, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**INTRODUCTION**

Kajeet's opposition avoids engaging with Viasat's arguments and instead seeks to gain from misdirection. Viasat explained that Kajeet's allegations of infringement failed to meet the legal standard; Kajeet responds by arguing for an incorrect legal standard. Viasat noted that Kajeet's allegations were boilerplate; Kajeet responds by claiming that disparate products are actually similar. Viasat explained that Kajeet failed to allege either pre-suit or post-suit indirect infringement; Kajeet responds by claiming that post-suit knowledge can affect pre-suit activity, as if Viasat had developed time travel. Kajeet does not address Viasat's arguments head on, because it cannot. Its complaint is deficient, and the Court should not allow it to proceed.

**ARGUMENT**

**I.    Kajeet Cannot Save Its Boilerplate Allegations**

Kajeet's discussion of alleged infringement spanned six paragraphs that "are boilerplate, largely copied from other Kajeet complaints, and include only glancing references to Viasat's accused products," such that Kajeet's "specific allegations of infringement are not specific at all, but merely repetitions of boilerplate language that Kajeet has used against many other defendants." Mot. at 2, 5. Kajeet tries twice to save these allegations; both attempts fail. First, Kajeet admits that its allegations are boilerplate, but attempts to justify them because it "has litigated these claims against companies that provide similar products and which infringe in a similar manner." Opp. at 6. In fact, Kajeet's complaints assert only claim 27, and do so against disparate products. For example, in *Kajeet, Inc. v. McAfee Corp.*, No. 21-05 (D. Del.), Kajeet accuses smartphone and tablet applications. *Id.*, Docket No. 1 ¶ 21. Here, however, Kajeet accuses modem and router products. Compl. ¶ 21. These are not "similar products," and if they do "infringe in a similar manner," it is impossible to tell from Kajeet's boilerplate allegations.

Second, Kajeet tries to save its boilerplate allegations by rewriting them. *See* Mot. at 7-8. But Kajeet chose not to amend its complaint in response to Viasat's motion, *see* Fed. R. Civ. P. 15(a)(1)(B), L.R. CV-15(a); having made this choice, it cannot now raise "new claims or theories of liability presented for the first time in a plaintiff's response" to a motion to dismiss. *Yager v. Stroman*, No. 17-217, 2020 WL 2615759, at *10 (W.D. Tex. May 22, 2020) (citing *Davis v. DRRF Tr.*, No. 15-0880, 2016 WL 8257126, at *3 (W.D. Tex. Jan 6, 2016)). Furthermore, Kajeet's attempt to rewrite its allegations serves only to show the paucity of the claims in the complaint. For example, Kajeet now alleges that "the decision received on the user's device is enforced by local agent software by either permitting or blocking access to the requested device feature." Opp. at 8 (citing Compl. ¶¶ 25-26). But paragraphs 25 and 26 do not mention "local agent software," let alone allege that any "local agent software" performs any enforcement. *Id.* Kajeet does not explain why it mentions "local agent software" in paragraph 23 of the complaint, but not in paragraphs 25 and 26, and does not specify whether the "local agent software" in its opposition is the same as the "local agent software" in its complaint. This of course is the entire point of *Twombly* and *Iqbal*: to require plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545  (2007) (citations omitted). Kajeet cannot evade this requirement by adding allegations in its opposition; it must rise or fall on its complaint.

## II.     Kajeet Misstates the Law Governing Allegations of Direct Infringement

To survive *Twombly* and *Iqbal*, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *De La Vega v. Microsoft Corp.*, No. 19-00612, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020); *see* Mot. § I.  Unable to challenge this body of law, Kajeet instead misstates it, claiming that "[t]he Federal Circuit has held that a complaint listing the asserted patents, specifically identifying accused products, and alleging that the accused products meet each and every element of at least one claim, is sufficient to meet the pleadings requirements under the plausibility standard of *Iqbal/Twombly*." Opp. at 5 (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).  Kajeet claims that *Disc Disease* announced a rule, but this is not so:  *Disc Disease* merely applied the existing rules to its specific facts, which are quite different from the facts here.  Kajeet's claim that *Disc Disease* announced a rule cannot survive either *Disc Disease* itself or later rulings interpreting it, from district courts and the Federal Circuit.

### A.  *Disc Disease* Did Not Claim to Announce a New Pleading Standard

In *Disc Disease,* the plaintiff filed its infringement complaint one day before "amendments to the Federal Rules of Civil Procedure took effect, abrogating Rule 84 and Form 18." 888 F.3d at 1258.  The defendant moved to dismiss under the newly governing *Twombly* and *Iqbal* standard, and the district court granted that motion with prejudice.  *Id.* at 1258-59. Plaintiff Disc Disease "filed a motion for reconsideration on the basis that the abrogation of Form 18 constituted an intervening change in law," sought leave "to file a first amended complaint" and "attached to its motion for reconsideration an amended complaint that included a detailed infringement analysis," and "filed a timely Rule 59(e) motion requesting that the district court alter or amend its judgment to allow Disc Disease to file a first amended complaint." *Id.* at 1259.  The district court denied all these motions. *Id.*  In a short opinion, the Federal Circuit reversed the district court's dismissal. *Id.* at 1260.  The Court found that because "[t]his case

involves a simple technology," and the plaintiff "attached to the complaint the asserted patents and photographs of the accused products," the plaintiff's "disclosures and allegations are enough to provide VGH Solutions fair notice of infringement," and thus the district court should not have dismissed the claim. *Id.* at 1258, 1260. It is not hard to see why that result was correct in *Disc Disease*: the figures of the two asserted patents bear a striking resemblance to the pictures of the accused products attached to the complaint. *Compare* U.S. Patent No. 8,012,113, Fig. 1 *with Disc Disease Sols. Inc. v. VGH Sols., Inc.*, No. 15-188, Docket No.




1-3 (M.D. Ga. Nov. 30, 2015); *compare* U.S. Patent No. 7,618,509, Fig. 12 *with Disc Disease Sols. Inc. v. VGH Sols., Inc.,* No. 15-188, Docket No. 1-5 (M.D. Ga. Nov. 30, 2015). Nowhere does *Disc Disease* claim to announce a general rule.

**B.    Later Opinions Confirm that *Disc Disease* Did Not Establish a New Standard**

This Court's opinions confirm that *Disc Disease* did not announce a new rule, but merely applied the existing standard to specific facts. Kajeet cites a single case from this Court, *Estech Sys., Inc. v. Regions Fin. Corp.,* No. 20-0322, 2020 WL 6324321 (W.D. Tex. Oct. 28, 2020), Opp. at 5, but *Estech* confirms that Kajeet is wrong about *Disc Disease*. In *Estech*, this Court found that the "pleading standards established by *Twombly* and *Iqbal* require a plausible inference that an accused device meets all of the limitations of the asserted claims," and that a plaintiff cannot meet this standard with "bare conclusory allegations as in Estech's Complaint." *Id.* at *2 (citing *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.,* No.

– 4 –

18-01074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018)). Instead, the Court noted, "[a]dditional factual information, at least pleaded on information and belief, that the accused devices practice the asserted claim is required." *Estech*, 2020 WL 6324321, at *2. The Court thus found that "that Estech has not met its pleading burden under *Twombly* and *Iqbal*," *id.* at *3, and required amendment to proceed. Estech amended its complaint to meet the standard, and the defendant filed an answer. *Estech Sys., Inc. v. Regions Fin. Corp.*, No. 20-322, Docket No. 44, 51 (W.D. Tex. Nov. 4, Dec. 8, 2020).[1]

Finally, the Federal Circuit recently considered this issue and declined to adopt Kajeet's interpretation of *Disc Disease*. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Instead, it found that "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* The Court specifically noted that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* To survive the pleading stage, a plaintiff must provide "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

---

[1] Other district courts, even those cited by Kajeet, agree. *See, e.g.*, *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 19-243, 2021 WL 3030066, at *7 (N.D. Tex. July 2, 2021) (facts "materially distinguishable from *Disc Disease*" where "technology involved in this case—a well control tool used in oil and gas wells—is much more complex than the technology at issue in *Disc Disease*—an inflatable back brace"); *Chapterhouse, LLC v. Shopify, Inc.*, No. 18-300, 2018 WL 6981828, at *2 (E.D. Tex., Dec. 11, 2018) (finding "*Disc Disease* to be inapposite" where, "[c]ontrary to the relatively simple patents of *Disc Disease*," patents are "more complicated"); *Lexington Luminance*, 2018 WL 10425908, at *1 ("The holding in *Disc Disease Solutions* appears to be limited to similar circumstances, where considering the technology at issue, the complexity level of the asserted claims, and the nature of the accused devices, simple pleadings supported by photographs may be sufficient to meet the standards of *Twombly* and *Iqbal*").

### III.  Kajeet's Boilerplate Allegations Fail to Plead that Viasat Infringes Claim 27

Kajeet's claims fail to meet this standard.  Just as in *Estech*, infringement "cannot be inferred from bare conclusory allegations" of the complaint.  *Estech*, 2020 WL 6324321, at *2; *see* Mot. § I.A.  Notably, Kajeet does not challenge these arguments directly, depending instead on its incorrect claim that *Disc Disease* announced a more lenient pleading standard.  Opp. at 5-7.  Kajeet's failure to provide intelligible allegations dooms its entire complaint.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).  Separate from their unintelligibility, Kajeet's allegations also admit that infringement might never occur, by repeatedly using "the language of *possibility*, indicating that someone *could* do something without actually alleging that anyone *does*."  Mot. at 6; *see also* Opp. at 7.  Kajeet's failure to allege that allegedly infringing actions *actually* occur is fatal to its assertion of method claim 27, because "direct infringement under 35 U.S.C. § 271(a) requires performance of all steps of a method."  *Limelight Networks*, 572 U.S. at 915; *see* Mot. § I.B.  In response, Kajeet states that it "expressly alleges in the Complaint that Viasat directly infringes claim 27 by its own use of the patented method."  Opp. at 8 (citing Compl. ¶ 39).  But paragraph 39 is more boilerplate:  it states only that "Viasat's quality testing and demonstrations of operation of the Accused Products and Services to manage use of computing devices directly infringe, either literally or under the doctrine of equivalents, at least claim 27 of the '559 Patent."  Compl. ¶ 39.  And, as Viasat explained in its motion, the complaint is "completely silent" on *how* Viasat "could have directly infringed claim [27] during testing," *De La Vega*, 2020 WL 3528411, at *5, and does nothing to explain how undefined "quality testing and demonstrations of operation" can constitute infringement when Kajeet alleges only that "[t]he Accused Products and Services" are "implementable" (not implemented) and only that various "implementable" features, apparently

– 6 –

if "implemented," "may" (but may not) be used to infringe.  Mot. at 6-7 & n.1.  Kajeet cannot allege that functionality *may* infringe (but may not) and then claim that bare allegations of testing show infringement, without explaining why the testing would be an infringing use of the functionality, and not a non-infringing one.  Kajeet does not even try to do so, submitting only allegations that fall below the "level of containing 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*."  *De La Vega*, 2020 WL 3528411, at *5 (quoting *Twombly*, 550 U.S. at 555); *see* Mot. at 6-7 & n.1.[2]

## IV. Kajeet Failed to Plead Indirect Infringement

### A. Kajeet Admits It Failed to Plead Pre-Suit Knowledge of the Patent

Viasat showed that Kajeet alleged no pre-suit knowledge of the patent, Mot. § II.A., and Kajeet admitted that it "has not yet made any allegations" about indirect infringement "prior to the filing of this lawsuit," but has asserted only "post-suit indirect infringement."  Opp. at 10.  Kajeet thus admits that an amended complaint must omit, at least for now, the words "at least" from the phrase "since at least the filing of the complaint" (Compl. ¶¶ 28, 38), because Kajeet has not claimed anything about Viasat's earlier knowledge.  Opp. at 10.  Kajeet claims that it

---

[2] Kajeet cites two cases on this point; neither helps it.  In *Nielsen Co. (US), LLC v. comScore, Inc.*, 819 F. Supp. 2d 589 (E.D. Va. 2011)—which Kajeet incorrectly cites as a Federal Circuit case, *see* Opp. at 9—the Eastern District of Virginia found that defendant's argument against direct infringement depended on implicit claim construction, impermissible on a motion to dismiss, 819 F. Supp. 2d at 595, and allowed to proceed a complaint filed in 2011, more than four years before the abrogation of Rule 84 and Form 18.  *See supra* § II.A.  *Nielsen* did not interpret the *Twombly* and *Iqbal* pleading standard and has no bearing on it.  Kajeet cites *Uniloc Luxembourg, S.A. v. eClinicalWorks, LLC*, 991 F. Supp. 2d 1097, 1101 (C.D. Cal. 2013) for the proposition that "testing and demonstrative exhibition can constitute infringing use," Opp. at 9, but neglects to include the complete sentence from that opinion:  "Although testing and demonstrative exhibition can constitute infringing use, Plaintiffs have not pointed to any genuine issues of material fact that render the purported infringement anything but hypothetical."  991 F. Supp. 2d at 1101.  *Uniloc* concerned summary judgment, and again predated the abrogation of Rule 84 and Form 18, but *still* explains why Kajeet's claims cannot survive, as Kajeet has not provided any allegations that "render the purported infringement anything but hypothetical."  *Id.*

may later develop those allegations, Opp. at 10-11, but hypothetical future allegations cannot support a current complaint.

**B.     Kajeet Fails to Plead Viasat's Knowledge of Infringement**

Kajeet's Opposition claims that it "alleges that Viasat's customers are direct infringers of claim 27 of the '559 patent by using the accused products in the manner proscribed by Viasat and that Viasat knows its customers are directly infringing.  In its Motion, Viasat does not dispute this element of Kajeet's claims for indirect infringement." Opp. at 10 (citing Compl. ¶ 41).  This statement is false:  Viasat's motion disputes that Kajeet has alleged any infringement by anyone, Mot. § I, and further disputes that Kajeet's boilerplate allegations of knowledge through instructions are sufficient.  *Id.* § II.B.  Kajeet does not respond to either point.

**C.     Kajeet Fails to Claim Induced Infringement**

To plead induced infringement, Kajeet must provide "specific facts" regarding Viasat's "intent to induce infringement." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 17-143, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017).  Those facts must show that, "once defendants knew of the patent, they *actively* and *knowingly* aid[ed] and abett[ed] another's infringement." *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (emphasis in original) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)); *see* Mot. at § II.B.  Kajeet asserts a single method claim, *see* Mot. § B, and its intent allegations rely entirely on "instructions via user manuals and online content to (sic) about how to install, set up, and use the accused products." Opp. at 12-13.  But Viasat prepared and published the allegedly inducing "instructions" and "online content" *before* Kajeet filed this action, when Kajeet admits it has no reason to believe that Viasat knew of the patent.  *See supra* § IV.A.  The complaint thus fails to assert that, "once defendant[] knew of the patent," it "*actively* and *knowingly* aid[ed] and

abett[ed] another's" infringement. *DSU Medical*, 471 F.3d at 1305.  Kajeet cannot combine allegations of post-suit knowledge with allegations of pre-suit action to avoid the pleading requirements for induced infringement.  *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014) (where a "Court must speculate as to the extent and scope of Plaintiff's induced infringement claim," the "allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*").[3]

### D.     Kajeet Fails to Claim Contributory Infringement

Kajeet's single paragraph on contributory infringement contains "no more than a 'threadbare recital'" of the required elements of a contributory infringement claim.  *Iron Oak Techs., LLC v. Dell, Inc.*, No. 17-999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018).  Viasat explained this in its motion to dismiss.  *Id.* § II.C; *see* Compl. ¶ 41.  Kajeet responds that it "alleged facts to show that the accused products, including the Gateways and Modems, do not have any particular non-infringing uses."  Opp. at 14 (citing Compl. ¶ 41).  But Paragraph 41

---

[3] Kajeet cites *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 20-555, 2021 WL 3134260 (W.D. Tex. July 23, 2021), for the proposition that "alleging knowledge based solely on the complaint was enough to maintain a cause of action for post-suit indirect infringement."  Opp. at 10.  *USC IP* announced no such rule, but ruled instead on the facts of that case.  *See id.* at *2.  The fate of the allegations in that case says nothing about the merits of Kajeet's allegations here.  Kajeet also cites to *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018), but neglects to mention that plaintiff there provided specificity lacking here.  *Compare* Opp. at 11 *with Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-309, Docket No. 22 ¶¶ 31-38 (W.D. Tex. July 19, 2018).  Finally, Kajeet states that "in the *Affinity Labs* case, the court stated that post-filing inducement claims can be supported by alleging knowledge as of the filing of the complaint."  Opp. at 11 (citing *Affinity Labs*, *supra*, 2014 WL 2892285).  Kajeet does not quote from *Affinity Labs*, and for good reason:  it stated that, while "knowledge of a patent can be established through the filing of the complaint," the "complaint itself must specifically allege the basis of the knowledge element and satisfy requisite pleading standards under *Iqbal* and *Twombly*," and that "a complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent."  *Affinity Labs*, 2014 WL 2892285, at *5 (citing *Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681, 2012 WL 1835680, at *5 (C.D.Cal. May 16, 2012)).

states that "the Accused Products and Services have no substantial non-infringing use, as they are specifically designed and marketed for use by parents and administrators to control use of a computing device operating on a communication network."  *Id.*  Kajeet thus appears to allege that *any* "control[ling of] use of a computing device operating on a communication network" infringes claim 27—an allegation so far from any possible claim scope that the Court should ignore it.  *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931-32 (Fed. Cir. 2014) (courts "may rely on documents outside the pleadings if they are integral to the plaintiff's claims and their authenticity is not disputed," and "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

Worse still for Kajeet, its opposition claims it "identified the specific components of Viasat's Internet service that perform the steps of claim 27," and that the "software implanting these features has no other non-infringing use."  Opp. at 14 (citing Compl. ¶¶ 21, 23).  But the very next paragraph confirms the opposite, alleging that "[p]arents and administrators may set policies to control usage of functions on the device to communicate with servers or other devices over the Internet," admitting that they also may *not* do so, and thus that the software has a non-infringing use.  Compl. ¶ 24; *see* Mot. § I.B., *supra* § III.  Thus Kajeet's boilerplate allegations not only fail to assert contributory infringement in the first place, *see* Mot. § II.C, but also contain the seeds of their own demise.

## **CONCLUSION**

For the foregoing reasons and those stated in its motion, Viasat respectfully requests that the Court grant its motion and dismiss Kajeet's complaint.

Date:  September 20, 2021                                  Respectfully submitted,

                                                                                  */s/ B. Russell Horton*
                                                                                  B. Russell Horton (Texas Bar No. 10014450)

– 10 –

        **George Brothers Kincaid & Horton, LLP**
        114  West 7th Street, Suite 1100
        Austin, Texas, 78701
        +1 (512) 495-1400
        +1 (512) 499-0094 facsimile
        rhorton@gbkh.com

        Matthew S. Warren (California Bar No. 230565)
        Jennifer A. Kash (California Bar No. 203679)
        *(pro hac vice)*
        Erika Warren (California Bar No. 295570)
        **Warren Lex LLP**
        2261 Market Street, No. 606
        San Francisco, California, 94114
        +1 (415) 895-2940
        +1 (415) 895-2964 facsimile
        21-707@cases.warrenlex.com

        *Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 20, 2021, I served the foregoing Reply In Support Of Motion to Dismiss by Defendant Viasat, Inc. for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) by notice of electronic filing on counsel of record registered as CM/ECF users.

        */s/ B. Russell Horton*
        B. Russell Horton